# EXHIBIT A

**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
201 Washington Street
Newark, NJ 07102
Telephone: (973) 379-4200
Facsimile: (973) 379-7872
Web: www.lawjw.com
Attorney: Jeffrey T. Kampf, Esq.
Bar No. (033301988)
Attorney for Plaintiff(s)

| | |
|---|---|
| Plaintiff(s)<br><br>JOHN BYRNE and MARIE BYRNE<br>v.<br><br>Defendant(s)<br><br>HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entity being fictitious) and JOHN DOE I-IV (name being fictitious) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Docket No.: ESX-L-1540-22<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

FROM THE STATE OF NJ, To The Defendant(s) Named Above:

Home Depot USA, Inc.

The plaintiff, named above, has filed a lawsuit against you in the ESSEX COUNTY SUPERIOR COURT. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625. A filing fee, payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court), must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an Attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)

DATED: March 9, 2022

*Michelle M. Smith*
_____
Michelle M. Smith
Clerk of the Superior Court

Name of Defendant to Be Served: Home Depot USA, Inc.
Address of Defendant to Be Served: P.O. Box 105842, Atlanta, GA 30348

ESX L 001540-22  03/09/2022 4:49:29 AM  Pg 1 of 1 Trans ID: LCV2022967231

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102

                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:  MARCH 08, 2022
                        RE:    BYRNE JOHN  VS HOME DEPOT U.S.A., I NC.
                        DOCKET: ESX L -001540 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON BRIDGET A. STECHER

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (973) 776-9300 EXT 56904.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: JEFFREY T. KAMPF
                              JAVERBAUM WURGAFT HICKS KAHN W
                              201 WASHINGTON ST
                              NEWARK            NJ 07102

ECOURTS

3-18-2022                        20200508135                        6020220318009679

**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
201 Washington Street
Newark, NJ 07102
Telephone: (973) 379-4200
Facsimile: (973) 379-7872
Web: www.lawjw.com
Attorney: Jeffrey T. Kampf, Esq.
Bar No. 033301988
Attorney for Plaintiff

| | |
|---|---|
| Plaintiff<br><br>JOHN BYRNE and MARIE BYRNE, his spouse, per quod<br><br>v.<br><br>Defendants<br><br>HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No.:<br><br>**CIVIL ACTION**<br><br>**PREMISES COMPLAINT**<br>**DEMAND FOR JURY TRIAL**<br>**DESIGNATION OF TRIAL ATTORNEY**<br>**DEMAND FOR ANSWERS TO**<br>**INTERROGATORIES** |

Plaintiff, John Byrne and Marie Byrne, residing in the Town of Clark, County of Union and State of NJ, complaining of the Defendants, deposes and says:

## FIRST COUNT

1.      On or about May 25, 2020, Plaintiff, John Byrne, was lawfully on the premises commonly identified as 155 St. Georges Avenue, Route 25, Colonia, County of Middlesex, State of New Jersey (hereinafter the "Store").

2.      At all times relevant herein, Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), owned, occupied, operated and/or maintained the Store.

3.      At all times relevant herein, Defendants, HOME DEPOT U.S.A., INC., operated one or more facilities in the County of Essex, State of New Jersey.

1

4.    At all times relevant herein, Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), owned, occupied, operated and/or maintained the Store in an unsafe manner and/or in a negligent manner so as to cause plaintiff to fall.

5.    As a direct and proximate result of the negligence of Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), as aforesaid, Plaintiff, John Byrne, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, John Byrne, demands judgment against Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), jointly, severally or, in the alternative, in the amount of his damages, together with interest and costs of suit.

## SECOND COUNT

1.    Plaintiff repeats and realleges each and every allegation contained in the First Count of this Complaint as if set forth at length herein.

2.    On or about February 9, 2019, Plaintiff, John Byrne, was lawfully on the premises of the Store.

3.    At all times relevant herein, JOHN DOE IV (name being fictitious), acting within his scope of employment as an employee of Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-III (names being fictitious), acted in a negligent, careless and/or reckless manner.

2

ESX-L-001540-22   03/08/2022 8:22:52 AM   Pg 3 of 8 Trans ID: LCV2022949392

6.      As a direct and proximate result of the negligence of Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), as aforesaid, Plaintiff, John Byrne, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, John Byrne, demands judgment against Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), jointly, severally or, in the alternative, in the amount of his damages, together with interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and realleges each and every allegation contained in the First and Second Counts of this Complaint as if set forth at length herein.

2.      On or about February 9, 2019, Plaintiff, John Byrne, was lawfully on the premises of the Store.

3.      At all times relevant herein, JOHN DOE IV (name being fictitious), acting within his scope of employment as an employee of Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-III (names being fictitious), acted in a negligent, careless and/or reckless manner.

4.      At all times relevant herein, Defendant, JOHN DOE IV (names being fictitious), was an agent, employee and/or representative.

5.      As a direct and proximate result of the negligence of Defendant JOHN DOE IV (name being fictitious), as aforesaid, Plaintiff, John Byrne, was caused to sustain and did sustain

3

serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

6.      In accordance with *Respondeat Superior*, Defendants HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-III (names being fictitious), are responsible for the negligence of their agent, representative and/or employee JOHN DOE IV (name being fictitious)

WHEREFORE, Plaintiff, John Byrne, demands judgment against Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), jointly, severally or, in the alternative, in the amount of his damages, together with interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff, Marie Byrne, repeats and realleges each and every allegation of the First through Third Counts of the Complaint as though set forth herein more fully at length.

2.      At all times relevant herein, Plaintiff, Marie Byrne, was the lawful spouse of Plaintiff, John Byrne.

3.      As a direct and proximate result of the negligence of Defendants, defendant, as aforesaid, Plaintiff, Marie Byrne, was caused to be deprived of the services, society, companionship and consortium of Plaintiff, John Byrne, and was otherwise damaged.

WHEREFORE, Plaintiff, Marie Byrne, demands judgment against Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entities being fictitious) and JOHN DOE I-IV (names being fictitious), jointly, severally or, in the alternative, in the amount of his damages, together with interest and costs of suit.

4

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by jury as to all issues.

### NOTICE OF TRIAL COUNSEL

Please take notice that Jeffrey T. Kampf, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC, pursuant to Rule 4:25 et. seq.

### CERTIFICATION AS TO REDACTION OF
### REQUIRED PERSONAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Javerbaum Wurgaft Hicks Kahn
Wikstrom & Sinins, PC
Attorneys for Plaintiff(s)

By: _____
                Jeffrey T. Kampf, Esq.

Dated:  March 8, 2022
Our File No.:  20-000862

5

### DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(2)** within 60 days of the filing of defendant's Answer to this Complaint. **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within 60 days of the filing of defendant's answer to this Complaint.

### SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)

S1. State whether Defendant or anyone in Defendant's behalf has made or caused to be made any surveillance photographs, video tapes, movies or other recordings of the Plaintiff since the date of the accident, and if so, please state the date(s) upon which such surveillance photographs, video tapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, video tapes, movies or other recordings, what each surveillance photographs, video tapes, movies or other recordings depict. Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and Plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2. If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S3. State whether this Defendant occupied the premises where Plaintiff's incident occurred as of the date of Plaintiff's accident.

6

S4.     If this Defendant did not own or occupy the premises where Plaintiff's accident occurred as of the date of the Plaintiff's accident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident.

S5.     State whether this Defendant conducted any business on the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S6.     State whether any inspections or tests made of the accident site by Defendant, or anyone in Defendant's behalf, subsequent to the accident alleged by Plaintiff, and if so, please state the date of said inspection or test, an exact description of such inspection or test, the name, address and job title of the person who performed such inspection or test and the results of said inspection or test.


Dated:  March 8, 2022
Our File No.:  20-000862

7

ESX-L-001540-22   03/08/2022 8:22:52 AM   Pg 8 of 8 Trans ID: LCV2022949392

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING............................ YES ☐ NO ☒

   A. If YES - Parties to other Pending Actions.

   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?....................... YES ☐ NO ☒

   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?.................. YES ☐ NO ☒

   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........ YES ☐ NO ☒

   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, PC
Attorneys for Plaintiff(s)

By: _____
Jeffrey T. Kampf, Esq.

Dated:  March 8, 2022
Our File No.:  20-000862

8

ESX-L-001540-22   03/08/2022 8:22:52 AM  Pg 1 of 2 Trans ID: LCV2022949392

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-001540-22**

| | |
|---|---|
| **Case Caption:** BYRNE JOHN  VS HOME DEPOT U.S.A., I NC. | **Case Type:** PERSONAL INJURY |
| | **Document Type:** Complaint with Jury Demand |
| **Case Initiation Date:** 03/08/2022 | **Jury Demand:** YES - 6 JURORS |
| **Attorney Name:** JEFFREY TODD KAMPF | **Is this a professional malpractice case?**  NO |
| **Firm Name:** JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS | **Related cases pending:** NO |
| **Address:** 201 WASHINGTON ST | **If yes, list docket numbers:** |
| NEWARK NJ 07102 | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Phone:** 9736427005 | |
| **Name of Party:** PLAINTIFF : Byrne, John | |
| **Name of Defendant's Primary Insurance Company** | **Are sexual abuse claims alleged by: John Byrne?** NO |
| **(if known):** None | |
| | **Are sexual abuse claims alleged by: Marie Byrne?** NO |

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
        If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
        If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/08/2022                                                      /s/ JEFFREY TODD KAMPF
Dated                                                                      Signed



**CERTIFIED MAIL**

JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM & SININS, P.C.
*Certified Trial Attorneys*
201 WASHINGTON STREET
NEWARK, NJ 07102

7021 0350 0001 4796 9486

US POSTAGE IMI PITNEY BOWES

ZIP 07102
02 7H
0006022069

$ 007.73⁰

MAR 09 2022

Home Depot USA, Inc.
P.O. Box 105842
Atlanta, GA 30348
Attn: Legal Dept.

# EXHIBIT B

42488.00165
**MARSHALL DENNEHEY**
By: Alicia L. Calaf, Esq.
Attorney I.D. No. 021092004
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4165      🖷973-618-0685
📧 alcalaf@mdwcg.com

BY:    KEVIN E. HEXSTALL, Esq.
Attorney Identification No.:   027911997
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2642
kehexstall@mdwcg.com

ATTORNEYS FOR DEFENDANT - Home Depot U.S.A., Inc.

| | |
|---|---|
| JOHN BYRNE and MARIE BYRNE,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC., HOME DEPOT #0981, ABC CORP. I-IV (entity being fictitious) and JOHN DOE I-IV (names being fictitious)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.:    ESX-L-1540-22<br><br>CIVIL ACTION<br><br>**ANSWER WITH CROSSCLAIMS** |

Defendant, Home Depot U.S.A., Inc. through its attorneys, Marshall Dennehey, in response to the Complaint filed by Plaintiffs John Byrne and Marie Byrne ("Plaintiffs"), deposes and says the following:

## **FIRST COUNT**

1.     Defendant Home Depot U.S.A., Inc.  is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Count of the Complaint.

2.     Admitted that Defendant Home Depot U.S.A., Inc. operated and occupied the Home Depot store located at 155 St. Georges Avenue, Route 25, Colonia, New Jersey.

3.      Admitted that Defendant Home Depot U.S.A., Inc. operated one or more Home Depot stores in the County of Essex, State of New Jersey.

4.      Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 4 of the First Count of the Complaint.

5.      Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 5 of the First Count of the Complaint.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiffs' Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

## SECOND COUNT

1.      Defendant Home Depot U.S.A., Inc. repeats and reiterates its answers to the allegations of the First Count of the Complaint as if set forth at length herein.

2.      Defendant Home Depot U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Count of the Complaint.

3.      The allegations contained in paragraph 3 of the Second Count of the Complaint do not appear to be directed to Defendant Home Depot U.S.A., Inc., who, therefore, provides no answer thereto. However, to the extent that this paragraph contains allegations against Defendant Home Depot U.S.A., Inc., those allegations are denied.

6.      (mis-numbered in the Complaint) Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 6 of the Second Count of the Complaint.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiffs' Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

2

## THIRD COUNT

1.     Defendant Home Depot U.S.A., Inc. repeats and reiterates its answers to the allegations of the First and Second Counts of the Complaint as if set forth at length herein.

2.     Defendant Home Depot U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third Count of the Complaint.

3.     Defendant Home Depot U.S.A., Inc. provides no answer to the allegations contained in paragraph 3 of the Third Count of the Complaint as the allegations contained therein call for legal conclusions.

4.     Defendant Home Depot U.S.A., Inc. provides no answer to the allegations contained in paragraph 4 of the Third Count of the Complaint as the allegations contained therein call for legal conclusions.

5.     The allegations contained in paragraph 5 of the Third Count of the Complaint do not appear to be directed to Defendant Home Depot U.S.A., Inc., who, therefore, provides no answer thereto. However, to the extent that this paragraph contains allegations against Defendant Home Depot U.S.A., Inc., those allegations are denied.

6.     Defendant Home Depot U.S.A., Inc. provides no answer to the allegations contained in paragraph 6 of the Third Count of the Complaint as the allegations contained therein call for legal conclusions.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiffs' Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

## FOURTH COUNT

1.     Defendant Home Depot U.S.A., Inc. repeats and reiterates its answers to the allegations of the First, Second and Third Counts of the Complaint as if set forth at length herein.

3

2.      Defendant Home Depot U.S.A., Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Fourth Count of the Complaint.

3.      Defendant Home Depot U.S.A., Inc. denies the allegations contained in paragraph 3 of the Fourth Count of the Complaint.

**WHEREFORE,** Defendant Home Depot U.S.A., Inc. demands that the Court dismiss Plaintiffs' Complaint and award Defendant Home Depot U.S.A., Inc. costs of suit, and any other relief that the Court deems just.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. owes no duty to the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. breached no duty to the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, and which are denied, were not caused by any conduct of Defendant Home Depot U.S.A., Inc.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered damages proximately caused by or attributable to Defendant Home Depot U.S.A., Inc.'s conduct.

4

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as the damages alleged by Plaintiffs, if any, and which are denied, were caused by the acts or omissions of others for whom Home Depot U.S.A., Inc. is not responsible or liable.

## SEVENTH AFFIRMATIVE DEFENSE

Benefits paid by a healthcare carrier, Medicare or Medicaid are to be deducted from any award pursuant to N.J.S.A. 2A:15-97 in accordance with the collateral source rule.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages complained of by Plaintiff pre-existed, or were sustained after the incident that is the subject matter of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous, in violation of N.J.S.A. 2A:15-59.1.

## TENTH AFFIRMATIVE DEFENSE

The comparative fault of other parties' bars or limits recovery against Defendant Home Depot U.S.A., Inc. under New Jersey's Comparative Negligence Act and New Jersey's Joint Tortfeasor Contribution Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the collateral source rule.

## TWELFTH AFFIRMATIVE DEFENSE

The doctrine of Avoidable Consequences bars or limits Plaintiff's recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged were due to a condition of which Defendant Home Depot U.S.A., Inc. had no actual or constructive notice.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name all necessary and indispensable parties. Specifically, Plaintiff has not named the City of Colonia, and this is an indispensable party to the litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the negligence of third parties over whom Defendant Home Depot U.S.A., Inc. had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged were the result of unforeseeable, intervening or superseding acts of others independent of Defendant Home Depot U.S.A., Inc., which bar Plaintiffs' causes of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The injuries and damages complained of were the proximate result of the sole and contributory negligence of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

The Court has not obtained personal jurisdiction over Defendant Home Depot U.S.A., Inc., as service of the Complaint was improper and defective pursuant to R. 4:4-4.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant specifically denies any and all liability as to punitive damages. Defendant hereby adopts any and all rights and defenses under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9-5.17.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint and causes of action alleged therein are time-barred pursuant to the applicable Statute of Limitations.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged were the result of an ongoing storm event which Defendant had no control over.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant Home Depot U.S.A., Inc. reserves the right to raise additional affirmative defenses.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Home Depot U.S.A., Inc. demands contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to plaintiff, Defendant Home Depot U.S.A., Inc. states that if same are found to be so liable, its liability is secondary and imputed and derivative from that of co-defendants, and Defendant Home Depot U.S.A., Inc. hereby demands complete indemnification from co-defendants, including costs and counsel fees.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

Without admitting any liability herein, Defendant Home Depot U.S.A., Inc. asserts that there arises out of its relationship with co-defendant a contractual obligation entitling it to indemnification from co-defendant should liability be found against it.

WHEREFORE, Defendant Home Depot U.S.A., Inc. demands judgment against co-defendant for indemnification of any sum for which it might be found liable.

## ANSWER TO CROSSCLAIMS

Defendant Home Depot U.S.A., Inc. denies the allegations of any and all crossclaims filed or which may be filed against it.

## DEMAND FOR DOCUMENTS

Demand is hereby made upon the Plaintiffs to furnish within five (5) days of the receipt of this Answer, all documents referenced in the Complaint pursuant to R. 4:18-2, which have not been previously produced in this litigation by Plaintiffs to Defendant Home Depot U.S.A., Inc.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(1), demand is hereby made upon Plaintiffs to provide supplemental answers to Form "A" Uniform Set of Interrogatories of Appendix II, within the time prescribed by the Rules Governing the Courts of New Jersey. Defendant Home Depot U.S.A., Inc. reserve the right to propound additional supplemental interrogatories under the Rules.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to R. 4:18-1, Defendant Home Depot U.S.A., Inc. hereby demands that Plaintiffs furnish all information relative to any insurance coverage Plaintiffs may have relating to the claims which are the subject of the within action.

## DEMAND FOR WRITTEN STATEMENT OF DAMAGES

Demand is hereby made upon Plaintiffs to furnish within five (5) days of the receipt of this Answer to Complaint, a written Statement of Damages claimed pursuant to R. 4:5-2.

## REQUEST FOR ALLOCATION

Pursuant to R. 4:5-2(c) and Young v. Latta, 123 N.J. 584 (1991), Defendant Home Depot U.S.A., Inc. hereby advises that if any other defendant settles the within matter prior to conclusion of trial, the liability of any settling co-defendants shall remain an issue and this Defendant shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-defendant and/or a credit in favor of this Defendant consistent with such allocation. This Defendant shall rely upon all evidence, including the direct examination and cross-examination of Plaintiffs and Plaintiffs' expert witnesses and any and all

other witnesses at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Kevin E. Hexstall, Esq. is hereby designated as Trial Counsel in the above captioned matter.

MARSHALL DENNEHEY

Dated: April 21, 2022                              /s/ Alicia L. Calaf
                                                   Alicia L. Calaf

## CERTIFICATION OF COMPLIANCE WITH R. 1:38-7(C)

I certify that confidential personal identifiers are not contained in any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

Dated: April 21, 2022                              /s/ Alicia L. Calaf
                                                   Alicia L. Calaf

## R. 4:5-1 AND R. 4:6-1 CERTIFICATIONS

I hereby certify, pursuant to R. 4:5-1, based upon information which is presently known to me, that this matter in controversy is not the subject of any other court or arbitration proceedings. I further certify that, as of this date, I am not aware of any other parties that should be joined in this action, and investigation is ongoing as to whether other potentially liable parties should be joined in this action, and this pleading may be amended as a result of that investigation. I also certify, pursuant to R. 4:6-1(a), that the within pleading was served within the time period allowed by the Rules Governing the Courts of New Jersey.

Dated: April 21, 2022                              /s/ Alicia L. Calaf
                                                   Alicia L. Calaf

9

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-001540-22**

**Case Caption:** BYRNE JOHN  VS HOME DEPOT U.S.A., I
NC.
**Case Initiation Date:** 03/08/2022
**Attorney Name:** ALICIA LYNNE CALAF
**Firm Name:** MARSHALL DENNEHEY WARNER COLEMAN
& GOGGIN
**Address:** 425 EAGLE ROCK AVE STE 302
ROSELAND NJ 07068
**Phone:** 7329101969
**Name of Party:** DEFENDANT : HOME DEPOT U.S.A., INC.
**Name of Defendant's Primary Insurance Company**
**(if known):** Sedgwick Claims

**Case Type:** PERSONAL INJURY
**Document Type:** Answer W/CrossClaim W/Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MARIE  BYRNE?** NO

**Are sexual abuse claims alleged by: JOHN  BYRNE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/21/2022
Dated

/s/ ALICIA LYNNE CALAF
Signed

ESX-L-001540-22   04/21/2022 1:47:39 PM   Pg 2 of 2   Trans ID: LCV20221623234